UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TWO MEN AND A TRUCK/INTERNATIONAL, INC., <br>      Plaintiff, <br> -v- <br> GERSTNER MANAGEMENT SYSTEMS, INC, GERSTNER INVESTMENTS, INC., and DONALD BRYAN GERSTNER, <br>      Defendants. | No. 1:18-cv-145 <br><br> Honorable Paul L. Maloney |

### ORDER GRANTING TEMPORARY RESTRAINING ORDER

Plaintiff Two Men and a Truck (TMT) filed a verified complaint and an ex parte motion for a temporary restraining order against a former franchisee. TMT requests the Court issue a temporary restraining order to enjoin Defendants from violating a non-compete agreement contained within the franchise agreement. Having reviewed the complaint, motion and exhibits, the Court **GRANTS** the motion for a temporary restraining order (ECF No. 4) against Defendants Gerstner Investments and Donald Gerstner.

### I.

Decisions granting or denying a motion for a temporary restraining order fall within the discretion of a district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (quoting *Northeast Ohio Coalition for Homeless and Service Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). Under Rule 65, a court may issue a temporary restraining order, without notice to the adverse party, only if two conditions are met. Fed. R. Civ. P. 65(b)(1). First, the moving party must establish specific

facts through an affidavit or a verified complaint showing that an immediate and irreparable injury will result to the moving party before the adverse party can be heard in opposition to the motion. Fed. R. Civ. P. 65(b)(1)(A). Second, the counsel for the moving party must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). In addition, the court must consider each of four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest would be served by the order. *Ohio Republican Party*, 543 F.3d at 361 (quoting *Northeast Ohio Coalition*). The four factors are not prerequisites that must be met, but are interrelated concerns that must be balanced together. *See Northeast Ohio Coalition*, 467 F.3d at 1009.

## II.

Defendant Donald Gerstner and Defendant Gerstner Investments (GI) have entered into two franchise agreements with TMT. The Kansas Franchise was purchased in December 2012 by Gerstner Investments. (ECF No. 1-2 PageID.61-62.) Donald Gerstner signed the agreement as president of GI and also in his own capacity. (*Id.* PageID.62.) The Missouri Franchise was purchased in December 2016 by GI.[1] (ECF No. 1-3 PageID.154-55.) Donald Gerstner signed the agreement as president of GI and also in his own capacity.

---

[1] TMT contends the Missouri Franchise was purchased by Defendant Gerstner Management Systems (GMS). (ECF No. 5 Compl. ¶9. PageID.258.) The Court has reviewed the Missouri Franchise agreement and has not located any reference to GMS or a signature on its behalf. Because TMT has not provided evidence that GMS is a franchisee, GMS will not be specifically named as an entity enjoined by this Order. GMS may be an affiliate of Gerstner or GI, in which case the injunction would extend to GMS.

(*Id.* PageID.155.) On January 23, 2018, TMT sent a Notice of Termination letter concerning the Kansas Franchise to all three defendants. (ECF No. 1-5.) Defendants had to cure various breaches of the agreement by February 2, 2018, or both franchises would be terminated. On February 5, 2018, in a letter to all three defendants, TMT invoked its right to terminate both franchises. (ECF No. 1-8.)

TMT relies on several provisions in the franchise agreements. Section VIII of the agreements is the Confidentiality and Non-Competition portion and imposes certain requirements on the franchisee after termination of the agreement. Specifically, TMT retains the ownership of all confidential information and the franchisee agrees not to use the confidential information in any other business or capacity. (ECF No. 1-2 PageID.49; ECF No. 1-3 PageID.141.) The franchisee also agrees to keep the information confidential. (ECF No. 1-2 PageID.49; ECF No. 1-2 PageID.141.) The agreement for the Kansas Franchise also contains a provision prohibiting competition for a two-year term after the agreement expires. (ECF No. 1-2 PageID.50-51.) The agreement for the Missouri Franchise contains a three-year term. ECF No. 1-3 PageID.142.) The prohibition extends to the franchisees and its principals, officers, shareholders, members, agents, spouses of any of them, and their affiliates. (ECF No. 1-2 PageID.51; ECF No. 1-3 PageID.142.)

TMT alleges that Gerstner and Gerstner Investments have violated the terms of the franchise agreements. One or more of the Defendants have started a new company called Moving Day Moving. Someone with Defendants has contacted customers to inform them of the name change, assured the customers that the same services would be provided, and that the scheduled move would still occur. (ECF No. 1-9 Woodland Affidavit.) TMT has

also submitted screenshots of Moving Day Moving's website. (ECF No. 1-10.) Finally, TMT alleges one or more Defendants has been using TMT's "system to book and divert moves for customers." (ECF No. 5 Compl. ¶ 20 PageID.261.)

III.

TMT is entitled to a temporary restraining order against Donald Gerstner and Gerstner Investments. First, TMT has complied with the requirements outlined in Rule 65. TMT filed a verified complaint. TMT has been in contact with Defendants in December 2017 and in January and February 2018 about termination of the franchise agreements, which included reminders about relevant post-termination obligations. Because Defendants are currently competing with TMT, Defendants are in violation of the agreements. And, both agreement contain a clause that entitle TMT to an injunction under these circumstances. (ECF No. 1-2 PageID.52–53; ECF No. 1-3 PageID.144.)

The four factors weigh in favor of granting a temporary restraining order. TMT has established a relationship between its former franchisee and Moving Day Movers. The connection constitutes a violation of the terms of franchise agreements. The non-compete provisions are likely enforceable under Michigan law. Therefore, TMT has demonstrated a likelihood of success on the merits. By signing the agreements, the franchisee agreed that violating the post-termination prohibition on competition would constitute irreparable harm. TMT has also established that there exists a likelihood that its former franchisee is using the confidential information provided by TMT, among other things.

The other two factors do not weigh heavily in favor of either party. Shutting down Moving Day Movers would harm that company, but allowing it to continue operating harms

TMT as a competitor. The individuals most affected by an injunction are those customers who have contracted for moving services with the former franchisee or with Moving Day Movers. The public has an interest in fair competition and in having businesses uphold their contractual obligations.

Accordingly, the Court issues a Temporary Restraining Order on Friday, February 09, 2018.

1. Defendant Gerstner and Defendant Gerstner Investments, their principals, officers, shareholders, members, agents, spouses and affiliates are temporarily enjoined from:

(a) operating, engaging in, having a direct or indirect interest in a moving company or related business in competition with Two Men and a Truck or its franchises in the marketing areas (as defined in the franchise agreements) or within 20 miles of the marketing areas; and

(b) from otherwise violating their obligation under the franchise agreements.

2. Those individuals enjoined in the above paragraph may honor any written contracts to provide moving services which were made prior to the time this Order issued and for which services must be provided before the hearing for a preliminary injunction. In other words, those enjoined may fulfill written contracts that existed before February 9, 2018, and which will be completed before February 23, 2018. At the hearing for the preliminary injunction, Defendants will provide the Court and Plaintiff with an accounting of those contracts performed after this TRO issued, which will include the customer's name, address, telephone number, any information pertinent to the moving services provided, and the amount charged.

3. Two Men and a Truck is not required to post a bond or other security, as provided by the terms of the franchise agreements.

4. This temporary restraining order will remain in effect through February 23, 2018, at 12:00 p.m., unless the Court issues an order prior to that date and time extending or dissolving this order.

5. A hearing for a preliminary injunction will be held on Friday, February 23, 2018, at 9:00 a.m. in Room 174 in the federal courthouse located at 410 W. Michigan, in Kalamazoo, Michigan.

6. Any response must be filed by 12:00 p.m. (noon) on Wednesday, February 21, 2018.

7. TMT shall serve the complaint, motion and brief, and this Order on Defendants as soon as possible, and no later than Wednesday, February 14, 2018. Plaintiff shall file proof of service by Friday, February 16, 2018.

    **IT IS SO ORDERED.**

Date:  February 9, 2018              /s/ Paul L. Maloney
                                                                       Paul L. Maloney
                                                                       United States District Judge